1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **CENTRAL DISTRICT OF CALIFORNIA**

10                                 **EASTERN DIVISION**

11   **MICHAEL FRY,**                          )
                                               )
12            **Plaintiff,**                   )        **Case  No. EDCV 09-1933 AJW**
                                               )
13        **v.**                               )        **MEMORANDUM OF DECISION**
                                               )
14   **MICHAEL J. ASTRUE,**                    )
     **Commissioner of the Social**            )
15   **Security Administration,**              )
                                               )
16            **Defendant.**                   )
     _____ )

17

18          Plaintiff filed this action seeking reversal of the decision of the defendant, the Commissioner of the

19   Social Security Administration (the "Commissioner"), denying plaintiff's application for Supplemental

20   Security Insurance ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their

21   contentions with respect to each disputed issue.

22                             **Administrative Proceedings**

23      Plaintiff filed an application for SSI benefits on June 25, 2007, alleging that he had been disabled since

24   January 1, 2007 due to polysubstance abuse and a mood disorder. [Administrative Record ("AR") 11].

25   Plaintiff's applications were denied initially and upon reconsideration. [AR 1-3, 9; JS 2]. Plaintiff requested

26   an administrative hearing, which was conducted before Administrative Law Judge Keith Varni (the "ALJ")

27   on April 22, 2007. [AR 9-17 ]. Plaintiff, who was represented by attorney Bill LaTour, testified on his own

28   behalf. [AR 18-28].

1    On July 9, 2009, the ALJ issued a written decision denying plaintiff's application for benefits.  [AR

2  9-17].  The ALJ found that plaintiff had the following severe impairments: polysubstance abuse and possible

3  mood disorder.  [AR 11-12].  The ALJ determined, however, that plaintiff's  impairments, singly or in

4  combination, did not meet or equal an impairment included in the Listing of Impairments (the "Listing").

5  [AR 12-13].  See 20 C.F.R. Pt. 404, Subpt. P, App. 1.  The ALJ further found that plaintiff retained the

6  residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with non-

7  exertional impairments restricting him to unskilled, entry level work.  [AR 13-16].  Using Rule 204.00 of

8  the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (the "grids") as a framework

9  for decision-making, the ALJ determined that plaintiff could perform alternative jobs that exist in significant

10  numbers in the national economy.  [AR 16].  The ALJ therefore concluded that plaintiff was not disabled

11  at any time up to the date of his decision.  The Appeals Council denied plaintiff's request for review.  [AR

12  1-3].

**Standard of Review**

14    The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial

15  evidence or is based on legal error.  Stout v. Comm'r Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir.

16  2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  "Substantial evidence" means "more than

17  a mere scintilla, but less than a preponderance."  Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir.

18  2005).  "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

19  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is

20  required to review the record as a whole and to consider evidence detracting from the decision as well as

21  evidence supporting the decision.  Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006);

22  Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999).  "Where the evidence is susceptible to more than

23  one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

24  Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

**Statement of Disputed Issues**

26    The disputed issues are (1) whether the ALJ properly considered the opinions of the state agency

27  physicians, and (2) whether the ALJ should have obtained vocational expert testimony.  [JS 2].

28  ///

**Discussion**

**Medical opinions**

Plaintiff contends that the ALJ erred by ignoring two non-examining state agency physicians' findings that plaintiff may be moderately limited to non-public work. [See JS 2-10].

The opinion of a non-examining physician is normally entitled to less deference than that of either a treating or examining physician because a non-examining physician does not have the opportunity to conduct an independent examination.  See Andrews v. Shalala, 53 F.3d 1035, 1040-1041 (9th Cir. 1995). Standing alone, the opinion of a non-examining physician cannot constitute substantial evidence justifying the rejection of an opinion provided by either a treating or examining physician.  Morgan, 169 F.3d at 602.

Consultative psychiatrist Linda Smith, M.D. examined plaintiff on September 14, 2007. [AR 159-165, 177-179, 187-188]. Dr. Smith gave plaintiff diagnoses of amphetamine abuse and alcohol abuse.  She concluded that plaintiff was not limited in his mental functional abilities, which included the ability to interact appropriately with supervisors, co-workers, and the public.  Dr. Smith stated that she "did not see any evidence of this claimant's claims." [AR 164-165].  Dr. Smith noted that plaintiff showed no evidence of depression or anxiety on the day of examination. She concluded that plaintiff suffered only from immaturity and substance abuse.  Dr. Smith remarked that plaintiff "may feel better subjectively if he abstains from substances but I don't believe he is impaired in his ability to work at this time." [AR 164].

Two non-examining state agency physicians, Henry Amado, M.D., and H.M. Skopec, M.D., also evaluated plaintiff's mental condition. On September 21, 2007, Dr. Amado assessed plaintiff's mental RFC after reviewing plaintiff's file, which included Dr. Smith's consultative examination report. [AR 166-179]. Dr. Amado concluded that the information in plaintiff's file "appears to highlight lack of attention to personal care and to the impact of his actions on others, but for the most part limitations do not seem marked in any domain – distinct impression is given of poor motivation playing a major role" in plaintiff's alleged impairments. [AR 176].  Dr. Amado suggested that "perhaps [a] non-public proviso should be stipulated based on attitudinal factors and [a] tendency to be unkempt," but added that "[g]reat weight should be given to the findings [of Dr. Smith] in the absence of a psych[iatric] treating source."  [AR 176].

A second state agency physician, Dr. Skopec, wrote on February 5, 2008 that "the initial decision for non-severe physical and non-public complex tasks due to mental issues is considered appropriate." [AR

1   187].

2       The ALJ gave the greatest weight to the opinion of Dr. Smith, and he observed that the state agency

3   physicians agreed with Dr. Smith that plaintiff was "essentially not disabled." [AR 15]. The ALJ noted

4   that Dr. Amado considered plaintiff's mental status examination findings "quite benign" and said that "poor

5   motivation " appeared to play a major role in his presentation. [AR 15].

6       The ALJ did not err in evaluating the medical opinion evidence. Because Dr. Smith was an

7   examining physician, the ALJ properly gave her opinion greater weight than those of the non-examining

8   physicians. See Andrews, 53 F.3d at 1035. Dr. Smith did not restrict plaintiff to non-public activities.

9   Further, Dr. Amado's findings regarding the non-public restriction for plaintiff were highly equivocal ("it

10  seems that perhaps non-public proviso should be stipulated") and must be viewed in the context of his

11  overall opinion that plaintiff's limitations "do not seem marked " and that Dr. Smith's findings should be

12  given "great weight." [AR 176]. Dr. Skopec merely affirmed Dr. Amado's findings. [AR 187]. Although

13  Dr. Skopec interpreted Dr. Amado's opinion to include a limitation to "non-public [c]omplex tasks due to

14  mental issues " [AR 187], the salient point is that Dr. Skopec clearly agreed with Dr. Amado, who, in turn,

15  endorsed Dr. Smith's opinion. Accordingly, plaintiff's contention that the ALJ impermissibly rejected the

16  non-examining physicians' opinions lacks merit.

17      **Vocational expert testimony**

18      Plaintiff contends that the ALJ erred in not eliciting a vocational expert's testimony to support his

19  finding that plaintiff can perform alternative jobs, and that "a limitation against work with the public limits

20  the range of unskilled entry level work." [JS 11-14].

21      At step five of the sequential evaluation procedure, the Commissioner has the burden to establish

22  that there are a significant number of jobs in the national economy that the claimant can perform. See Lester

23  v. Chater, 81 F.3d 821, 828 (9th Cir. 1995). The Commissioner may meet that burden by taking the

24  testimony of a vocational expert, or by referring to the grids. Tackett v. Apfel, 180 F.3d 1094, 1100-1101

25  (9th Cir. 1999). The grids may be used when the claimant's non-exertional limitations do not significantly

26  affect his exertional capabilities. On the other hand, when a claimant's non-exertional limitations

27  significantly limit the range of work permitted by the claimant's exertional limitations, then use of the grids

28  to find him not disabled is inappropriate. Tackett, 180 F.3d at 1101-1102. When the grids do not accurately

1   describe the claimant's functional capacity, the ALJ must take the testimony of a vocational expert. <u>Tackett</u>,

2   180 F.3d at 1103-1104.

3     Because the ALJ properly evaluated the opinions of the examining and non-examining physicians,

4   he permissibly concluded that plaintiff does not have significant non-exertional limitations. Thus, the ALJ's

5   reliance on the grids to determine that plaintiff can perform alternative jobs was not error.

6   **Conclusion**

7     For the reasons stated above, the Commissioner's decision is supported by substantial evidence and

8   is free of legal error.  Accordingly, the Commissioner's decision is affirmed.

9

10   **IT IS SO ORDERED.**

11

12   July 23, 2010

13                 _____

14                 ANDREW J. WISTRICH
              United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28